# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WAYNE LEE BROWN-BEY,

    Plaintiff,

v.

HIRSCHVOGEL, INC., *et al.*,

    Defendants.

Case No. 2:19-cv-1221
JUDGE GEORGE C. SMITH
Magistrate Judge Vascura

## OPINION AND ORDER

This matter is before the Court upon Defendant Hope Merry's ("Merry") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 24). Additionally, Defendants Deborah Rowe ("Rowe") and Hirschvogel Incorporation ("Hirschvogel") filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 28). In response, Plaintiff filed: two affidavits, a document titled "Conspiracy against Rights," and a Notice to the Court requesting judgment in Plaintiff's favor (Docs. 26, 27, 29, and 30). The timeframe for the parties to submit additional briefing has lapsed and the motions are ripe for review. For the reasons that follow, both Motions to Dismiss are **GRANTED**.

    **I.    BACKGROUND**

The Plaintiff initiated this action on April 1, 2019. (*See* Doc. 1, Compl.). All three Defendants filed Motions to Dismiss Plaintiff's original Complaint (Docs. 12–13) and those Motions were fully briefed.

On August 5, 2019, Plaintiff filed an Amended Complaint without leave from this Court.[1] (*See generally* Doc. 19, Am. Compl.). In the Amended Complaint, Plaintiff contends Merry and "Deborah Rowe discriminated against [him] because of [his] national origin and religion July of 2018" and "[i]n April or about Hope Merry and Deborah Rowe conspired to steal [his] property by way of garnishment without due process or hearing." (*Id.* at 3). In an attachment to the Amended Complaint, Plaintiff alleges "I am including Hope Merry in my lawsuit along with Deborah Rowe and Hirschvogel Inc. for fraud, conspiracy to commit fraud and theft." (*Id.*, Ex. 1 at 1).

Thereafter, Merry filed a Motion to Dismiss the Amended Complaint on September 4, 2019. (Doc. 24). Subsequently Hirschvogel and Rowe filed their own Motion to Dismiss the Amended Complaint on October 4, 2019. (Doc. 28). In response, Plaintiff filed a document titled "Conspiracy against Rights" on October 18, 2019. (Doc. 29).

## II. STANDARD OF REVIEW

Defendants bring their motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Defendants Rowe and Hirschvogel also contend that Plaintiff failed to obtain their written consent to amend his Complaint. (Doc. 28, Rowe & Hirschvogel Mot. at 1, 5).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. In response, Plaintiff has filed a number of documents. The Court will address these arguments in turn.

**1. Exhibits Not Attached to the Complaint**

Before discussing the merits of the arguments made in Defendants' motions, the Court must first address the affidavits submitted by Plaintiff. (*See* Doc. 26, Pl. Aff. 2; Doc. 27, Pl. Aff. 3).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Sixth Circuit precedent is clear that Rule 12 motions "require[ ]

3

only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented evidence." *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).

Neither the affidavit submitted on September 16, 2019, nor the one filed on September 30, 2019, were attached to Plaintiff's Complaint or Amended Complaint. (*Compare* Doc. 1-1, Pl. Aff. 1 *with* Doc. 26, Pl. Aff. 2 *and* Doc. 27, Pl. Aff. 3). Accordingly, it would be improper for the Court to consider these affidavits when ruling on a Rule 12 motion and the Court is disinclined to convert the pending Rule 12 motions into motions for summary judgment. As such, Plaintiff's affidavits (Doc. 26, Pl. Aff. 2; Doc. 27, Pl. Aff. 3), are excluded and the Court shall not consider these documents when ruling on the merits of the pending motions.

**2.      Defendants' Motions to Dismiss the Amended Complaint**

It is well-settled that *pro se* litigants' pleadings are to be "liberally construed," and *pro se* plaintiffs must be held to "less stringent standards." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Although the Sixth Circuit has recognized the "liberal construction" standard, basic pleading essentials remain imperative. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint merely containing labels and conclusions that are unsupported by factual assertions, even if filed *pro se*, is not saved from dismissal if it fails to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678–80.

Here, Plaintiff's Amended Complaint consists of conclusory statements unsupported by factual assertions, and thus, is not saved from Defendants' Motions. Likewise, Plaintiff's Amended Complaint contains no facts that support a plausible claim of legal liability against the Defendants. Even when viewed in a light most favorable to Plaintiff under the lenient pleading standards afforded to *pro se* litigants, the Amended Complaint fails to state a plausible claim upon

which relief can be granted. Rather, Plaintiff's Amended Complaint broadly alleges violations of theft and fraud, but it fails to provide necessary details to render such claims plausible.

## IV.     CONCLUSION

Based on the foregoing, both Motions to Dismiss are **GRANTED**.

The Clerk shall **REMOVE** Documents 24 and 28 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**